SHARON MULLEN and RENEE MULLEN,

        Plaintiffs,

                                                      Case No. 23-cv-452 -pp

  v.

CITY OF RACINE,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO REMAND (DKT. NO. 7) AND DENYING AS MOOT PLAINTIFFS' MOTION TO CONSOLIDATE CASES (DKT. NO. 6)**

On April 6, 2023, Sharon and Renee Mullen—representing themselves—filed a notice of removal from Racine Municipal Court, dkt. no. 1, an amended answer, dkt. no. 2, and a counterclaim, dkt. no. 3. (Although the caption of this federal case identifies them as the plaintiffs, because they are the ones who sought removal from municipal to federal court, the Mullens functionally are the *defendants* because the City of Racine filed a complaint against them in the Racine Municipal Court. Dkt. No. 1 at 6.) According to the Mullens, the City of Racine has acted under color of law to deprive them of their right to repair the façade of their building. Id. at 3. They assert that the City of Racine has made "unconstitutional demands under 66.0425 and Local Ordinance 82-93." Id. at 3. In addition to alleging that this case involves a federal question, the Mullens' assert that all parties are Wisconsin citizens and the amount in controversy

1

exceeds $75,000. Id. at 6. The Mullens did not attach any documents to their notice of removal.

The City of Racine responded to the removal with a timely motion to remand, dkt. no. 7, after which the Mullens filed an amended notice of removal, dkt. no. 12.

Meanwhile, six days after the court received the April 6, 2023 notice of removal from the Mullens, the court received from them a motion to consolidate this case with a case against the City of Racine that they previously had filed in this district, Case No. 23-cv-275. Dkt. No. 6.

Because this court lacks subject matter jurisdiction, it will grant the City of Racine's motion to remand, remand this case to Racine Municipal Court and deny as moot the motion to consolidate cases.

## I. City of Racine's Motion to Remand (Dkt. No. 7)

### A. The City of Racine's Brief (Dkt. No. 8)

The City of Racine says that it filed a complaint in Racine Municipal Court (Case No. 55-2354) on February 7, 2023, to enforce Section 82-91 of the City of Racine Municipal Code of Ordinances[1] after the Mullens' ignored multiple warnings to remove obstacles from the public sidewalk adjoining the property they own in downtown Racine. Dkt. No. 8 at 2. The City cites N. Zellmer v. Bey, Case No. 19-cv-1419-pp, 2021 WL 1086189, *2 (E.D. Wis.

---

[1] Sec. 82-91 states, "No person shall encroach upon or obstruct or encumber any street, alley, sidewalk, public grounds, or land dedicated to public use, or any part thereof, or permit such encroachment or encumbrance to be place or remain on any public way adjoining the premises of which he is the owner or occupant, except as provided in sections 82-92 and 82-93."

2

2021), a case in which a defendant tried to remove two citations from the municipal court to federal court. Id. at 3. The City recounts that the court held it lacked diversity jurisdiction because all parties were citizens of Wisconsin, and that it lacked federal question jurisdiction because a counterclaim cannot confer federal jurisdiction. Id. at 3-4.

The City argues that, as in N. Zellmer, all the parties here are citizens of Wisconsin, so this federal court does not have diversity jurisdiction. Id. The City also argues that the complaint it filed in the municipal court alleges only a violation of Racine's Municipal Code sec. 82-91 and does not allege violations of federal statutes or constitutional provisions; thus, the City argues, this federal court has no federal question jurisdiction. Id. The City emphasizes that Wis. Stat. §755.045(1) grants municipal courts "exclusive jurisdiction over an action in which a municipality seeks to impose forfeitures for violations of municipal ordinances of the municipality that operates the court." Id. at 5.

B.     The Mullens's Response (Dkt. No. 11)

The Mullens respond that they did not receive the City's "motion to remand" and the accompanying brief until May 16, 2023; they assert that their response was due May 21, 2023, leaving them only three days to prepare. Dkt. No. 11 at 2. They then address what they characterize as the "confusion over the name as Plaintiff or Defendant;" they assert that the City was the plaintiff and they were the defendants in the municipal case and that the City's brief erroneously lists them as the plaintiffs in this federal case. Id. at 3. They assert

3

that in their caption, they have "kept the title as Sharon Mullen and Renee Mullen, Defendants and City of Racine, Plaintiff." Id.

The Mullens argue that the City of Racine deliberately left out any reference to Wis. Stat. §66.0425[2] for the purpose of controlling the outcome of the case. Id. at 4. They assert that if the court remands the case to the municipal court, they may lose their right to "circuit court, and the right to a jury trial." Id. at 5.

According to the Mullens, they were ordered to erect the scaffolding to protect the public and the City gave them a permit to do so. Id. at 5, ¶5. They allege the City of Racine cited the wrong sections of Wis. Stat. §66.0425 and Racine Municipal Code 82-91, arguing that the sections the City cited are not relevant to "Construction Work and the Safety of the Public." Id. at 6, ¶6. The Mullens assert that the City of Racine knows a "Revocable Permit/Permission in Streets" is the wrong permit and speculate that there is an ongoing effort to entrap them into committing violations of Wis. Stat. §939.25.[3] Id. at 6-7, ¶7. The Mullens contend that they have "no recourse to sue" under Wis. Stat. §66.0425. Id.

In the remainder of their brief, the Mullens discuss the permits for which they have paid to date and their communications with the City of Racine. Id. at 8-12. They address the typographical errors made while "cutting and pasting,"

---

[2] Wis. Stat. §66.0425 governs "Privileges in streets," and discusses the requirements for a person to apply for a privilege to put an obstruction in a public area.

[3] Wis. Stat. §939.25 defines criminal negligence.

4

such as the allegations regarding diversity jurisdiction; they assert that they are "only using 28 USC Section 1331," the federal question jurisdictional statute. Id. at 13. Finally, they address their substantive allegations regarding the City's alleged scheme. Id. at 14-22.

    C.    Amended Notice of Removal (Dkt. No. 12)

On May 22, 2023, the Mullens filed an amended notice of removal with sixty-three pages of attachments. Dkt. No. 12. The first two pages of the amended notice reiterate that the Mullens did not receive a copy of the motion to remand and had to travel to Milwaukee to pay the clerk of court for copies. Dkt. No. 12 at 1, 2. The Mullens clarify that they are asserting jurisdiction under 28 U.S.C. §1331 because they believe that the defendants (plural, although there is only one defendant) have denied them Due Process under the Fourteenth Amendment, threatened to seize the Mullens' scaffolding in violation of the Fourth Amendment and refused to allow them to speak in violation of the First Amendment. Id. at 3, 4.[4] They further assert that the "defendants" abused their office in violation of 25 C.F.R. §11.448 and 42 U.S.C. §§1981 and 1983. Id. at 5. The exhibits include letters, notices, permits, canceled checks and receipts relating to the underlying dispute between the City and the Mullens. Dkt. No. 12-2.

---

[4] The Mullens assert that "[t]he 7th District Civil Court has jurisdiction over this case." Dkt. No. 3. The court does not know what the Mullens mean by this reference. This federal court is the United States District Court for the Eastern District of Wisconsin, and it has jurisdiction over both civil and criminal cases. There is no "7th District Civil Court" in the federal court system.

5

Case 2:23-cv-00452-PP   Filed 07/31/23   Page 5 of 10   Document 14

D.  Reply Brief (Dkt. No. 13)

The City of Racine filed a brief, four-page reply brief addressing diversity and federal question jurisdiction. Dkt. No. 13 at 2. It reiterates that all parties are citizens of Wisconsin and points out that the municipal complaint "does not involve, is not based on and does not implicate federal statutes, the Constitution or federal law." Id. It asserts that the complaint alleges only a violation of Section 82-91 of the City of Racine Municipal Code of Ordinances. Id. The City of Racine emphasizes that the Mullens' counterclaim does not confer federal jurisdiction. Id. at 3 (citing Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V., 391 F.3d 871, 875 (7th Cir. 2004) and other Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002)).

The City also addresses the Mullens' assertion that it misrepresented Wis. Stat. §755.045(1) and "deliberately left out Wisconsin Statute 66.0425." Id. at 3. According to the City, there was no omission or misrepresentation because Wis. Stat. §66.0425 does not address or involve subject matter jurisdiction and it is improper for the Mullens to argue the merits of the case because the court lacks subject matter jurisdiction. Id.

E.  Analysis

Section 1446 of Title 28 governs voluntary removal. Section 1446(a) allows a defendant who wants to remove a civil case from state court to federal court to file in the United States district court for that district a notice of removal "containing a short and plain statement of the grounds for removal,

together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The Mullens were the defendants in the Racine Municipal Court case, and they filed a notice of removal. But neither the original notice nor the amended notice contained a "short and plain statement of the grounds for removal"—the initial removal notice was seven pages long and the amended notice was eight pages long. The Mullens also failed to attach to either the original or amended notice of removal a copy of all "process, pleadings and orders" served on them in the Racine Municipal Court case as the statute requires. It was the *City*, not the Mullens, that provided the court with a copy of the actual complaint filed in Racine Municipal Court. Dkt. No. 9-1.

While the Mullens insist that they were not properly served with the motion to remand, the City represents that it served the Mullens at their residential address. It is clear that the Mullens are aware of the motion to remand; they have filed a brief in opposition to the motion and an amended notice of removal.

Most critically, the City is correct: this court does not have subject matter jurisdiction over the case. The court first notes that the Mullens appear to be under the impression that *they* have filed a federal lawsuit against the City alleging civil rights violations. They have not. They have attempted to remove to this federal court a complaint filed by the City, and that complaint (Dkt. No. 9-1) alleges only a violation of Section 82-91 of the City of Racine Municipal Code of Ordinances, which prohibits a person from encroaching or

obstructing or encumbering "any street, alley, sidewalk, public grounds, or land dedicated to public use, or any part thereof, or permit such encroachment or encumbrance to be placed or remain on any public way adjoining the premises of which he is the owner or occupant, except as provided in sections 82-92 and 82-93." Dkt. No.9-1; Racine Municipal Code accessed at https://library.municode.com/wi/racine/codes. That is a local ordinance violation, not a violation of a federal statute or constitutional provision.

Why does this matter? Because the general removal statute—28 U.S.C. §1441(a), says that a civil case filed in any state court "of which the district courts of the United States have original jurisdiction" may be removed by the defendant to federal court. A prerequisite for removal is that the state case must be a case "of which the district courts of the United States"—the *federal* trial courts—have original jurisdiction.

The Mullens correctly cite 28 U.S.C. §1331, which grants federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. However, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). As a corollary to this rule, the United States Supreme Court has held that federal jurisdiction cannot rest upon an actual or anticipated counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). The Mullens have presented no evidence that there was a federal question presented in the *City's* complaint filed in the Racine Municipal Court and the court can see from

8

Case 2:23-cv-00452-PP    Filed 07/31/23    Page 8 of 10    Document 14

its own review of that complaint that it did not present a federal question. The Mullens cannot confer federal jurisdiction by bringing counterclaims that allege federal questions. This court does not have "original jurisdiction" over alleged violations of local ordinances, so it has no subject matter jurisdiction over the claims the Mullens have tried to remove to federal court.

The Mullens argue that the City did not reference Wis. Stat. §66.0425 in its request to remand. That statute, titled "Privileges in Streets," allows towns, villages and common councils to grant privileges to a person for the purpose of placing an obstruction in public areas. It is not clear why the Mullens believe this to be relevant; the municipal complaint did not cite this statute and even if it had, the state statute does not confer subject matter jurisdiction on this court or take it away from the municipal court. The City properly cited Wis. Stat. §755.045, which states that "(1) [a] municipal court has exclusive jurisdiction over an action in which a municipality seeks to impose forfeitures for violations of municipal ordinances of the municipality that operates the court, except as follows."

The Mullens did not comply with the requirements of 28 U.S.C. §1446(a) in either the original or the amended notice of removal. This court does not have original, subject matter jurisdiction over the claims pled in the municipal court complaint. The court must remand the case to the municipal court.

**II. Conclusion**

The court **GRANTS** the City of Racine's Motion to Remand. Dkt. No. 7. The court **ORDERS** that this case is remanded to the Racine Municipal Court.

9

The court **DENIES AS MOOT** the Mullens's motion to consolidate cases. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**